# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

      Plaintiff,   :  Case No. 3:17-cr-028
                  Also 3:19-cv-385

                  District Judge Thomas M. Rose
 - vs -           Magistrate Judge Michael R. Merz

DARION STARGELL,

      Defendant.   :

---

# REPORT AND RECOMMENDATIONS

---

This is an action on a Motion to Vacate under 28 U.S.C. § 2255 brought *pro se* by

Defendant Darion Stargell to obtain relief from his drug trafficking related convictions in this

Court. The Motion is before the Court for initial review pursuant to Rule 4(b) of the Rules

Governing § 2255 Proceedings which provides:

> The judge who receives the motion must promptly examine it. If it
> plainly appears from the motion, any attached exhibits, and the
> record of prior proceedings that the moving party is not entitled to
> relief, the judge must dismiss the motion and direct the clerk to
> notify the moving party. If the motion is not dismissed, the judge
> must order the United States to file an answer, motion, or other
> response within a fixed time, or take other action the judge may
> order.

The District Judges at the Dayton location of court have referred all post-judgment collateral attacks on convictions to the undersigned pursuant to General Order DAY 13-01. The case remains assigned for disposition to District Judge Thomas M. Rose.

Defendant asserts he received ineffective assistance of counsel in three ways. First, he asserts his trial attorney was ineffective for not challenging the 28 U.S.C.§ 846 conviction (Motion, ECF No. 185, PageID 638-39). Second, he asserts his trial attorney did not make the government prove the *mens rea* required for 21 U.S.C. § 841(b)(1). *Id.* at PageID 640-44. Finally, he asserts his appellate attorney was ineffective for abandoning him. *Id.* at PageID 644-46.


**Litigation History**


Stargell was indicted with two others on April 13, 2017, and charged in Count One with conspiring to distribute fentanyl in the amount of 400 grams or more, and an unspecified amount of tramadol, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A), (C), and (E). In Count Two he was charged with distributing 100 grams or more of fentanyl and an unspecified amount of tramadol in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A) and (E)(ECF No. 29). A Second Superseding Indictment was filed May 25, 2017 (ECF No. 51).

On September 11, 2017, Stargell agreed to plead guilty to one count of conspiring to distribute heroin and fentanyl in violation of 21 U.S.C. §§ 846 and 841(b)(1)(C). (ECF No. 98.) He agreed that he was guilty of the offense. In particular he agreed to the following statement of facts:

> Between late 2016 and early 2017, in the Dayton, Ohio area, defendant Darion Stargell worked with other people, including Sergio Candelas-Ruiz and Lizabeth Ruiz, to receive and to distribute bulk quantities of heroin and fentanyl. Throughout this time, the

> Ruizes arranged for couriers sent from Mexico to bring large quantities of controlled substances to Mr. Stargell in the Dayton metropolitan area. Upon obtaining these illegal drugs, Mr. Stargell resold them to other drug dealers in southern Ohio.

*Id.* at PageID 264. On September 13, 2017, Stargell appeared before Judge Rose, acknowledged that he had signed the plea agreement (including the statement of facts) knowingly, intelligently, and voluntarily, and then pleaded guilty as required by the plea agreement (Minute Entry, ECF No. 99; Transcript, ECF No. 151). Judgment was entered on the plea on March 9, 2018 (ECF No. 143). Although he had voluntarily waived appeal (with exceptions not relevant here), he filed a Notice of Appeal through counsel (ECF No. 176). The Sixth Circuit appointed new counsel on June 21, 2019 (ECF No. 179), but that counsel filed a motion to dismiss the appeal at Stargell's direction on October 15, 2019. This § 2255 Motion to Vacate was timely filed thereafter on December 9, 2019.[1]

# Analysis

## Standard for Proving Ineffective Assistance of Counsel

All three of Stargell's claim are based on his Sixth Amendment right to the effective assistance of counsel. The governing standard for ineffective assistance of trial counsel was adopted by the Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984):

> A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction or death sentence has

---

[1] If it were material, Stargell would be entitled to a filing date of the day he deposited the Motion in the prison mail system.

two components. First, the defendant must show that counsel's performance was deficient. This requires showing that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.

466 U.S. at 687. In other words, to establish ineffective assistance, a defendant must show both

deficient performance and prejudice. *Berghuis v. Thompkins,* 560 U.S. 370, 389 (2010), quoting

*Knowles v. Mirzayance,* 556 U.S.111, 122 (2009).

With respect to the first prong of the *Strickland* test, the Supreme Court has commanded:

Judicial scrutiny of counsel's performance must be highly deferential. . . . A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel=s challenged conduct, and to evaluate the conduct from counsel=s perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action "might be considered sound trial strategy."

466 U.S. at 689.

As to the second prong, the Supreme Court held:

The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to overcome confidence in the outcome.

466 U.S. at 694. *See also Darden v. Wainwright*, 477 U.S. 168, 184 (1986); *Wong v. Money,* 142

F.3d 313, 319 (6th Cir. 1998); *Blackburn v. Foltz*, 828 F.2d 1177, 1184 (6th Cir. 1987). *See*

*generally* Annotation, 26 ALR Fed 218.

A criminal defendant is entitled to effective assistance of counsel on appeal as well as at trial, counsel who acts as an advocate rather than merely as a friend of the court. *Evitts v. Lucey*, 469 U.S. 387, 394 (1985); *Penson v. Ohio*, 488 U.S. 75, 79-80 (1988); *Mahdi v. Bagley*, 522 F.3d 631, 636 (6th Cir. 2008). The *Strickland* test applies to appellate counsel. *Smith v. Robbins*, 528 U.S. 259, 285 (2000); *Burger v. Kemp,* 483 U.S. 776, 784 (1987).

> To evaluate a claim of ineffective assistance of appellate counsel, then, the court must assess the strength of the claim that counsel failed to raise." . . . *Wilson v. Parker*, 515 F.3d 682, 707 (6th Cir. 2008). Counsel's failure to raise an issue on appeal amounts to ineffective assistance only if a reasonable probability exists that inclusion of the issue would have changed the result of the appeal. *Id*. If a reasonable probability exists that the defendant would have prevailed had the claim been raised on appeal, the court still must consider whether the claim's merit was so compelling that the failure to raise it amounted to ineffective assistance of appellate counsel. *Id.*

*Henness v. Bagley*, 644 F.3d 308, 317 (6th Cir. 2011). Stargell's claims, therefore, must be evaluated by the standard created in *Strickland*.

**Ground One: Trial Attorney Failure to Challenge § 846 Conviction**

Stargell claims that his trial attorney, knowing the elements of a conspiracy in violation of 21 U.S.C. § 846, "convinced the Petitioner to acquiese [sic] to the flimsy, hearsay evidence of a jilted ex-girlfriend who was bent on alleviating her exposure to a crime that she was caught participating in." (Motion, ECF No. 185, PageID 639.) He then asserts that a truly effective attorney

> would have challenged the Sec 846 allegation by showing that there were missing pieces in the Government's case, such as: (1) No

evidence that the Petitioner warned any of his alleged co-defendants about threats to their business; (2) No evidence that the Petitioner either provisioned, or was provisioned cell phones, Cutting agents, scales, bags for packaging, or any other tools or supplies to further a drug sale business for him or his codefendant's [sic]; (3) no evidence that, the Petitioner participated in a return policy with his co-defendant's [sic] for low quality drugs; and (4) no evidence that the Petitioner or his co-defendant's [sic] were on the same side of a drug transaction.

*Id.* at PageID 639-40.

As noted above, this case did not proceed to trial. Stargell does not tell the Court what it is the ex-girlfriend was prepared to testify to or why her testimony would have been hearsay. More importantly, he does not tell the Court how he knows the Government had none of the evidence he claims it did not have. If the case had proceeded to trial and the Government had rested without presenting any of the evidence Stargell claims it did not have, those omissions could have been raised in a motion for judgment of acquittal under Rule 29. But without any proof of what the Government had available as evidence, Stargell's claim that he could have won is pure speculation.

When Judge Rose took Stargell's guilty plea, Stargell was sworn to tell the truth (Transcript, ECF No. 151, PageID 408). He admitted under oath the truth of the facts in the Statement of Facts, to wit, that he worked with other people to receive and distribute bulk quantities of heroin and fentanyl. *Id.* at PageID 413. He acknowledged that he was giving up his right to appeal unless the sentence exceeded the statutory maximum of twenty years. *Id.* at PageID 429. Stargell declared that he was not being forced to plead guilty, that it was a voluntary decision on his part, and that he was pleading guilty because he was in fact guilty as charged. *Id.* at PageID 432. Ultimately Judge Rose found that the guilty plea was knowing, intelligent, and voluntary. *Id.* at PageID 434.

> A plea of guilty entered by one fully aware of the direct consequences, including the actual value of any commitments made to him by the court, prosecutor, or his own counsel, must stand unless induced by threats (or promises to discontinue improper harassment), misrepresentation (including unfulfilled or unfulfillable promises), or perhaps by promises that are by their nature improper as having no proper relationship to the prosecutor's business (e. g. bribes).

*Brady v. United States*, 397 U.S. 742, 755 (1970). The voluntariness of a guilty or no contest plea is determined in light of all relevant circumstances surrounding the plea. *Brady*, 397 U.S. at 749. If a prosecutor's promise is illusory, then a plea is involuntary and unknowing. *United States v. Randolph*, 230 F.3d 243, 250–51 (6th Cir. 2000). However, where a defendant is "fully aware of the likely consequences" of a plea, it is not unfair to expect him to live with those consequences. *Mabry v. Johnson*, 467 U.S. 504, 511 (1984). A transcript of a plea proceeding which suggests that a guilty or no contest plea was made voluntarily and knowingly creates a "heavy burden" for a petitioner seeking to overturn his plea. *Garcia v. Johnson*, 991 F.2d 324, 326–28 (6th Cir. 1993). Where the transcript shows that the plea was voluntary and intelligent, a presumption of correctness attaches to the state court findings of fact and to the judgment itself. *Id.* at 326–27.

Essentially Stargell claims his plea was involuntary because there was evidence – which he does not now describe to the Court except to talk about the elements of conspiracy – that would have proven him not guilty. But Stargell is bound by his statements under oath that he is in fact guilty.

Stargell's first Ground for Relief is without merit.

**Ground Two:  Failure to Force the Government to Prove Mens Rea**


In his second Ground for Relief, Stargell claims his attorney failed to force the Government to prove *mens rea*.  Of course, it was Stargell himself who, by pleading guilty, relieved the Government of any obligation to prove anything.

Stargell argues that as a licensed attorney, his counsel was obliged to be aware of the holding in *McFadden v. United States*, 135 S.Ct. 2298 (2015), that a conviction under 21 U.S.C. § 841(a)(1) required the United States to establish that a defendant knew he was dealing with a controlled substance.  Stargell asserts that the evidence in this case was circumstantial and not transactional, which he asserts is required by the *mens rea* element of § 841(a)(1).  (Motion, ECF No. 185, PageID 643).  Specifically, he claims he had no drugs on him at the time of his arrest, there were no controlled buys, no large seizures of cash, and he was not present at the house "where the drugs were picked up."

The flaw in this argument parallels the flaw in the First Ground for Relief:  the Government was not required to prove any element of the offense because Stargell admitted all the necessary facts under oath in open court.

Moreover, the offense to which Stargell pleaded guilty was not a violation of § 841(a)(1), but § 846, a conspiracy to distribute heroin and fentanyl.  To prevail on that charge, the Government would not have had to prove possession of drugs or controlled buys, but only that Stargell agreed with other to distribute heroin and fentanyl, an agreement he admitted under oath and in open court.

Stargell's Second Ground for Relief is without merit and should be dismissed.

**Ground Three: Ineffective Assistance of Appellate Counsel**

In his Third Ground for Relief, Petitioner asserts he received ineffective assistance of appellate counsel because his attorney "walked away from the process and basically abandoned the Petitioner." (Motion, ECF No. 185, PageID 645.)

Stargell asserts that after he filed his Notice of Appeal, he "informed Counsel of certain issues he's [sic] like presented on appeal." *Id.* at PageID 644. But he never advises this Court of what those issues were. As noted above, a court considering an ineffective assistance of appellate counsel claim must consider what issues were not raised to determine if they have any merit.

Stargell relies on *Roe v. Flores-Ortega,* 528 U.S. 470 (2000), where the Supreme Court held an appointed attorney must file a notice of appeal if requested by his client, even if it is against the attorney's better professional judgment and after consulting with the client about the potential benefits and costs of appeal. But there was not failure to preserve the appeal right here. The Notice of Appeal was timely filed by trial attorney James Fleisher three days after judgment, on March 12, 2018 (ECF No. 176). When Mr. Fleisher was granted leave to withdraw by the Sixth Circuit, that Court promptly appointed new counsel, Mr. John Clark, to represent Stargell on appeal (ECF No. 179). It is Mr. Clark whom Stargell accuses of abandoning him. In an Affidavit attached to his Motion, Stargell claims he withdrew his appeal under duress, although he does not describe what that duress was. Actually, what Stargell filed with the Court of Appeals is his own Statement of Voluntary Dismissal in which he states that he is "instructing my attorney to file a Motion for Voluntary Dismissal with the Court." (*United States v. Stargell,* 6th Cir Case No. 19-3439, ECF No. 20-2). It is not deficient performance for an appellate attorney to move to dismiss an appeal when his client instructs him to do so.

Aside from deficient performance, Stargell has shown no prejudice from the voluntary dismissal because he has not pleaded before this Court any assignments of error which would have had any chance of success. Because a waiver of appeal was part of the Plea Agreement, this would be difficult to do in any event.

Accordingly, Stargell has not shown ineffective assistance of appellate counsel and his Third Ground for Relief should be dismissed.

**Conclusion**

Defendant's Motion to Vacate is without merit and should be dismissed with prejudice. The Clerk should be instructed to enter a separate judgment to this effect to satisfy Fed.R.Civ.P. 58. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

December 10, 2019.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by mail. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on

appeal. *See Thomas v. Arn*, 474 U.S. 140, 153-55 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).