# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

                Plaintiff,    :    Case No. 3:17-cr-028
                                       Also 3:19-cv-385

                                       District Judge Thomas M. Rose
- vs -                            Magistrate Judge Michael R. Merz

DARION STARGELL,

                Defendant.    :

## SUPPLEMENTAL REPORT AND RECOMMENDATIONS

This case is before the Court on Defendant's Objections (ECF No. 194) to the Magistrate Judge's Report and Recommendations on Defendant's Motion to Vacate under 28 U.S.C. § 2255 (ECF No. 186). Judge Rose has recommitted the case for reconsideration in light of the Objections (ECF No. 199).

Stargell's Motion to Vacate raises three grounds for relief: ineffective assistance of trial counsel in Grounds One and Two and ineffective assistance of appellate counsel in Ground Three. The Reports recommends dismissing the Motion to Vacate because the facts relied on for Grounds One and Two are contradicted by Stargell's statements in the plea colloquy (Report, ECF No. 186, PageID 656-59). As to Ground Three, the record shows Stargell dismissed his appeal voluntarily. *Id.* at PageID 660-61.

1

Stargell objects that he just read his lines in the plea colloquy like "a movie star reading a movie script, not an admission of ACTUAL guilt beyond a reasonable doubt. But stating what was SCRIPTED for a defendant, like the Petitioner, to raed [sic]." (Objections, ECF No. 194, PageID 686).

At the time of entering into the Plea Agreement, Stargell admitted that if the case went to trial, the United States would be able to prove beyond a reasonable doubt that

> Between late 2016 and early 2017, in the Dayton, Ohio area, defendant Darion Stargell worked with other people, including Sergio Candelas-Ruiz and Lizabeth Ruiz, to receive and to distribute bulk quantities of heroin and fentanyl. Throughout this time, the Ruizes arranged for couriers sent from Mexico to bring large quantities of controlled substances to Mr. Stargell in the Dayton metropolitan area. Upon obtaining these illegal drugs, Mr. Stargell resold them to other drug dealers in southern Ohio.

(Plea Agreement, ECF No. 98, PageID 264.) Immediately below this text, Stargell signed an acknowledgement that this statement was true and correct. *Id.* Then on September 11, 2017, Stargell appeared in open court with his attorneys and entered a plea of guilty pursuant to the Plea Agreement (Transcript, ECF No. 151). Before engaging in the plea colloquy, Judge Rose required Stargell to swear to the truthfulness of the answers he would give and warned him that he could be prosecuted for perjury if his answers were not truthful. *Id.* at PageID 408. After the Assistant United States Attorney read the Statement of Facts from the Plea Agreement, Judge Rose asked Stargell if he understood what had been read and if those facts were true; Stargell answered yes to both questions. *Id.* at PageID 413.

As stated in the Report, Stargell "is bound by his statements under oath that he is in fact guilty." A United States District courtroom is not a movie set and movie actors are not sworn to recite scripts under penalty of perjury. The facts quoted above are sufficient for conviction on the

conspiracy count and Stargell is bound by his admission under oath that they are true. His first Objection should be overruled.

Stargell's second objection appears to relate to his appeal (ECF No. 194, PageID 686-87). He makes no response to the observation in the Report that he dismissed his appeal voluntarily.

Stargell's third objection is that the Report "failed to address the provided affidavits of Truth which demonstrated the innocence of the Petitioner." (ECF No. 194, PageID 687.) The Affidavit of Greta McCullough is attached to the to Vacate at PageID 650-51. In it Ms. McCullough avers that on January 28, 2017, a person known to her as Mark Williams "dropped off a package containing drugs on the side of my home in a yellow bucket." *Id.* at PageID 650. She further avers that "Darion Stargell had nothing to do with the drugs being dropped off, or them being retrieved." *Id.* She gives no indication of how she has personal knowledge of these facts: how does she know Mark Williams, how does she know what was in the package, how does she know that Stargell had nothing to do with the transaction. But even if everything she says is taken to be true, nothing in her Affidavit contradicts the Statement of Facts that Stargell swore was true.

**Conclusion**

Upon *de novo* review of those portions of the Report to which Stargell has made objection, the Court should overruled the Objections, adopt the Report, dismiss Motion to Vacate with prejudice, and instruct the Clerk to enter judgment to that effect under Fed.R.Civ.P. 58. Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner

be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

February 7, 2020.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal.