# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

        Plaintiff,    :    Case No. 3:17-cr-028
                                            Also 3:19-cv-385

                                            District Judge Thomas M. Rose
    -  vs  -                                  Magistrate Judge Michael R. Merz

DARION STARGELL,

        Defendant.    :

## DECISION AND ORDER

This case is before the Court on Defendant's Petitioner Darion Stargell's Objections (ECF No. 202) to the Magistrate Judge's Supplemental Report and Recommendations on Defendant's Motion to Vacate under 28 U.S.C. § 2255 (ECF No. 201). Also before the Court are Defendant's objections (ECF No. 194) to the Magistrate Judge's original Report and Recommendations (ECF No. 186). As required by Fed.R.Civ.P. 72(b), the District Judge has reviewed *de novo* those portions of both Reports to which specific objection has been made and rules on those objections in this Decision.

1

**Litigation History**

Stargell was indicted in this Court on April 13, 2017, on two counts of drug trafficking. Pursuant to a Plea Agreement (ECF No. 98), he pleaded guilty in September 2017 to one count of conspiring to distribute heroin and fentanyl (Minute Entry, ECF No. 99; Transcript, ECF No. 151). Although he appealed with new counsel, the appeal was dismissed on his motion (ECF No. 184).

In his Motion to Vacate, Defendant pleads three claims of ineffective assistance of counsel (1) failure of trial counsel to challenge the conviction under 21 U.S.C. § 846; (2) failure of trial counsel to force the United States to prove *mens rea*; and (3) failure of appellate counsel by abandoning Defendant. The Magistrate Judge recommended dismissing all three claims on the merits (Report, ECF No. 186; Supplemental Report, ECF No. 201).

## Analysis

As the Report noted, Defendant's first two claims depended on facts that were contradicted by his own sworn statements during the plea colloquy (ECF No. 186, PageID 656-59.) Stargell objected that he was just reading lines scripted for him by counsel, rather than telling the truth (Objections, ECF No. 194, PageID 686). In the Supplemental Report, the Magistrate Judge concluded that Defendant was bound by his sworn statements (ECF No. 201, PageID 707).

Defendant now objects that his admissions at the plea colloquy were not true, but are instead admissions he had to make to obtain the benefit of the plea agreement, to wit, a reduction in potential sentence from ten-to-life to zero-to-twenty years (Objections, ECF No. 202, PageID

710-11.) The Court specifically warned Defendant that he was bound under penalty of perjury to answer questions truthfully in the plea colloquy.

> THE COURT: Mr. Stargell, in order to consider your plea to the count in the Amended Second Superseding Indictment, the Court needs to ask you a number of questions. I need to ask you those while you are under oath. The oath simply is to assure the Court that your answers are truthful and complete. However, I do need to also apprise you of the fact that once you are placed under oath you could be prosecuted for perjury or false swearing if any of your answers were not truthful. Do you understand?
>
> THE DEFENDANT: Yes, Your Honor.

(Transcript, ECF No. 151, PageID 408.) Defendant now admits he perjured himself at the plea colloquy. Indeed, he relies on his claim of perjury to attempt to have his plea set aside. Where a district court has scrupulously followed the required procedure under Fed. R. Crim. P. 11, "the defendant is bound by his statements in response to that court's inquiry." *Baker v. United States*, 781 F.2d 85, 90 (6th Cir. 1986), *quoting Moore v. Estelle*, 526 F.2d 690 (5th Cir. 1976). A defendant cannot obtain the benefits of a plea bargain by perjuring himself and then deprive the United States of the finality it bargained for by relying on his own perjury.

Defendant's second objection is that the Magistrate Judge did not sufficiently credit the Affidavit of Greta McCullough (Objections, ECF No. 202, PageID 711). The Supplemental Report dealt with the McCullough Affidavit as follows:

> Stargell's third objection is that the Report "failed to address the provided affidavits of Truth which demonstrated the innocence of the Petitioner." (ECF No. 194, PageID 687.) The Affidavit of Greta McCullough is attached to the to Vacate at PageID 650-51. In it Ms. McCullough avers that on January 28, 2017, a person known to her as Mark Williams "dropped off a package containing drugs on the side of my home in a yellow bucket." *Id*. at PageID 650. She further avers that "Darion Stargell had nothing to do with the drugs being dropped off, or them being retrieved." *Id*. She gives no indication of

3

> how she has personal knowledge of these facts: how does she know
> Mark Williams, how does she know what was in the package, how
> does she know that Stargell had nothing to do with the transaction.
> But even if everything she says is taken to be true, nothing in her
> Affidavit contradicts the Statement of Facts that Stargell swore was
> true.

(ECF No. 201, PageID 708).

Defendant objects that McCullough should be believed because it

> falls under common sense for the area [in] which Ms. McCullough
> resides. This area, not being a 'gated community,' experiences drug
> trafficking activity often. Ms. McCullough has seen, probably,
> numerous families come and go, developed relationships with them,
> watched children grow up (maybe even watched these children).
> This community is not restricted from 'knowing who you know.'

(Objections, ECF No. 202, PageID 711). In other words, Defendant says the Court should accept what Ms. McCullough says because he, a convicted drug dealer and admitted perjurer, says it is true.

The Court assumes for the sake of argument that Ms. McCullough is telling the truth as she knows it. However, the Court agrees with the Magistrate Judge's Supplemental Report: nothing in her Affidavit contradicts the truth of the Statement of Facts that Defendant swore was true.

Defendant's third objection is that his appeal was dismissed by his counsel, not by him. In fact, he says for any defendant to withdraw his appeal in a case of this magnitude would "draw the question of that defendant's mental capacity." (Objections, ECF No. 202, PageID 712.)

As the Report noted, trial counsel James Fleisher complied with his duty to file a notice of appeal under *Roe v. Flores-Ortega,* 528 U.S. 470 (2000). He then withdrew and allowed the Sixth Circuit to appoint new counsel for the appeal, attorney John Clark, who would be free to raise claims of Mr. Fleisher's ineffective assistance of trial counsel without a conflict of interest.

Although Defendant claims he dismissed the appeal "under duress," he has never told this Court what the nature of the duress was, and he filed an Affidavit with the Sixth Circuit that said he was instructing his attorney to file a Motion for Voluntary Dismissal. (Report, ECF No. 186, PageID 660, quoting *United States v. Stargell,* 6th Cir Case No. 19-3439, ECF No. 20-2). Stargell does not deny that this language appears in his sworn affidavit. What he is essentially saying is that he perjured himself to the Sixth Circuit just as he had perjured himself in the plea colloquy.

Moreover, Stargell has never presented to this Court the issues he says his appellate attorney should have raised, but evaluation of those omitted claims is necessary to determine if he received ineffective assistance of appellate counsel when they were omitted. To evaluate a claim of ineffective assistance of appellate counsel, the court must assess the strength of the claim that counsel failed to raise. *Henness v. Bagley*, 644 F.3d 308 (6th Cir. 2011), citing *Wilson v. Parker*, 515 F.3d 682, 707 (6th Cir. 2008). The Court also notes that Stargell waived his right to appeal as part of the plea Agreement.

**Conclusion**

Having considered *de novo* Defendant's Objections to the Report and Supplemental Report, the Court finds that they are without merit and they are hereby OVERRULED. Pursuant to Fed.R.Civ.P. 58, the Clerk will enter judgment dismissing Defendant's Motion to Vacate (ECF No. 185) with prejudice. Because reasonable jurists would not disagree with this conclusion, Petitioner is denied a certificate of appealability and the Court hereby certifies to the Sixth Circuit

5

that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.


February 25, 2020                                         *s/Thomas M. Rose

                                                          _____
                                                               Thomas M. Rose
                                                          United States District Judge