UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Plaintiff, | : | Case No. 3:17-cr-28 |
| | : | |
| v. | : | |
| | : | Judge Thomas M. Rose |
| DARION STARGELL, | : | |
| | : | |
| Defendant. | : | |

---

**ENTRY AND ORDER DENYING DEFENDANT'S MOTION FOR
COMPASSIONATE RELEASE DUE TO DANGER FROM THE
CORONAVIRUS (DOC. NO. 233)**

---

This case is before the Court on the Motion for Compassionate Release Due to Danger from the Coronavirus (Doc. No. 223) (the "Motion"), filed by Darion Stargell ("Stargell"). Stargell is currently incarcerated at FCI Gilmer in West Virginia. He asks the Court for compassionate release from his term of imprisonment. More specifically, he asks that this Court grant him compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) as amended by § 603 of the First Step Act (FSA) of 2018 (P.L. 115-391), such that his term of incarceration would be reduced to time served or he would serve an amount equal to the remaining term of imprisonment on home confinement. (Doc. No. 233 at PageID 1048, 1051.) For the reasons discussed below, the Court **DENIES** Stargell's Motion.

**I.    BACKGROUND**

On May 25, 2017, the Government filed the Second Superseding Indictment alleging separate counts against Stargell relating to the possession with intent to distribute various controlled substances, including fentanyl, heroin, and tramadol and the use of a cellular telephone

1

in facilitating the commission of a felony. (Doc. No. 51 at PageID 147, 149, 155.) On September 11, 2017, pursuant to a plea agreement, Stargell pleaded guilty to the offenses charged in the Indictment. (See Doc. No. 98.) The Statement of Facts attached to the Plea Agreement, signed by Stargell and his attorney, states:

> Between late 2016 and 2017, in the Dayton, Ohio area, defendant Darion Stargell worked with other people, including Sergio Candelas-Ruiz and Lizabeth Ruiz, to receive and to distribute bulk quantities of heroin and fentanyl. Throughout this time, the Ruizes arranged for couriers sent from Mexico to bring large quantities of controlled substances to Mr. Stargell in the Dayton metropolitan area. Upon obtaining these illegal drugs, Mr. Stargell resold them to other drug dealers in southern Ohio.

(Doc. No. 98 at PageID 264.)

Prior to sentencing, the Probation Office prepared a Presentence Report ("PSR") that detailed Stargell's criminal history. Although only in his late twenties at that time, Stargell had sustained multiple felony drug convictions, including for: conspiracy to traffic cocaine (2008); trafficking in heroin (2012); trafficking in heroin (2014); and trafficking in cocaine (2017). (*See* PSR ¶¶ 67-78.) The PSR also reported that Stargell suffered from no serious medical conditions at the time of the offense. (PSR ¶¶ 97-98.)

At sentencing in this case, the Court imposed a 120-month term of incarceration, four years of supervised release with special conditions, and a $100 special assessment. (Doc. No. 142.) Stargell is currently 32 years old and has an anticipated release date of January 6, 2026. (*See* FEDERAL BUREAU OF PRISONS INMATE LOCATOR, https://www.bop.gov/inmateloc (last visited February 18, 2022).)

On December 17, 2021, Stargell filed his first Motion for Compassionate Release Due to Danger from the Coronavirus. (Doc. No. 224.) The Government filed its response on January 17, 2021 (Doc. No. 225), and the Court denied the motion on June 23, 2021. (Doc. No. 231.) Stargell

filed the present Motion on January 10, 2022. (Doc. No. 233.) The Government filed its response on January 23, 2022. (Doc. No. 234.) Stargell did not file a reply. The matter is ripe for review and decision.

## II. ANALYSIS

### A. Legal Standards

Section 3582(c)(1)(A), colloquially known as the "compassionate release" statute, grants authority, in certain limited circumstances, to modify a term of imprisonment after it has been imposed. It provides, in part:

> The court may not modify a term of imprisonment once it has been imposed except that—in any case—the court … may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in [18 U.S.C.] section 3553(a) to the extent that they are applicable, if it finds that extraordinary and compelling reasons warrant such a reduction … and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A)(i).[1]

Therefore, a court may reduce a defendant's previously imposed term of imprisonment if it finds that three requirements are met: (1) "extraordinary and compelling reasons warrant such a reduction"; (2) the "reduction is consistent with applicable policy statements issued by the Sentencing Commission"; and (3) the § 3553(a) factors, to the extent that they are applicable, support the reduction. 18 U.S.C. § 3582(c)(1)(A)(i); *see also United States v. Lemons*, 15 F.4th 747, 749 (6th Cir. 2021). On the other hand, a court may deny a compassionate release motion when any of the three substantive requirements is lacking and need not address the others.[2] *United*

---

[1] Subpart (ii) of this portion of the statute provides "a separate basis for compassionate release tied to the defendant's age and years in prison." *United States v. Ruffin*, 978 F.3d 1000, 1003 (6th Cir. 2020).

[2] However, courts currently omit the second requirement when an incarcerated person, as opposed to the Bureau of Prisons ("BOP"), files a motion seeking a sentence reduction. *Lemons*, 15 F.4th at 749. The Sixth Circuit has explained that, "where incarcerated persons file motions for compassionate release, federal judges may skip step two of the § 3582(c)(1)(A) inquiry"—at least until the Sentencing Commission updates § 1B1.13 of the United States

*States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021). Moreover, while a court may reduce the term of imprisonment if all three requirements are met, it "need not do so." *Id.*; *see also* 18 U.S.C. § 3582(c)(1)(A)(i) (stating that a court "may" reduce the term of imprisonment); *United States v. Jones*, 980 F.3d 1098, 1106 (6th Cir. 2020) ("Congress's use of 'may' in § 3582(c)(1)(A) dictates that the compassionate release decision is discretionary, not mandatory").

Regarding the third requirement, "§ 3582(c)(1)(A) instructs a court to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by steps one and two is warranted in whole or in part under the particular circumstances of the case." *Jones*, 980 F.3d at 1108 (internal quotation marks omitted and alterations adopted); *see also United States v. Wright*, 991 F.3d 717, 719 (6th Cir. 2021) ("[d]istrict courts may place great weight on one sentencing factor when that weight is warranted") (internal quotation marks omitted). The factors set forth in Section 3553(a) consider such things as the nature of the offense, the circumstances of the offense, the history of the defendant, the characteristics of the defendant, "and various penological goals, such as the need to promote respect for law and to protect the public," as well as to reflect the seriousness of the offense, provide just punishment for the offense, afford adequate deterrence to criminal conduct, and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner. *United States v. Ruffin*, 978 F.3d 1000, 1005 (6th Cir. 2020); *see also* 18 U.S.C. § 3553(a).

### B. Application

Stargell asks the Court to grant him compassionate release or, in the alternative, to direct the BOP to release him to home confinement. (Doc. No. 233 at PageID 1048, 1051.) Stargell

---

Sentencing Commission Guidelines Manual to reflect the First Step Act. *United States v. Jones*, 980 F.3d 1098, 1009-1111 (6th Cir. 2020) (explaining that passage of the First Step Act rendered § 1B1.13 inapplicable to cases where an imprisoned person files a motion for compassionate release).

states that he "has previously suffered from lung related issues, including shortness of breath and sinus inflammation." (*Id*. at PageID 1048.) Stargell further states that he has worked at his rehabilitation and that his he would reside with his mother if he were to be released. (*Id*. at PageID 1050.) He further argues that remaining in prison increases his chances of recidivism. (*Id*.)

In response, the Government argues that Stargell has not exhausted his administrative remedies. (Doc. No. 234 at PageID 1114.) The Government further argues that Stargell has not presented any new evidence demonstrating an "extraordinary or compelling reason" to justify his release or to disturb the Court's previous ruling on the danger he poses to society. (*Id*. at PageID 1114-16.) Finally, the Government argues that this Court does not have the authority to direct the BOP to release Stargell to home confinement. (*Id*. at PageID 1117-18.) Stargell did not file a reply.

1. **Preliminary Matters**

Section 3582(c)(1)(A) allows the Court, in certain limited circumstances, to "reduce the term of imprisonment." 18 U.S.C. § 3582(c)(1)(A)(i). Stargell states that should the Court not grant his compassionate release he should be released to serve the remainder of his sentence on home confinement. (Doc. No. 233 at PageID 1051-53.) The Government argues that the Court does not have the authority to direct the BOP to place Stargell on home confinement because that decision is committed solely to BOP's discretion. (Doc. No. 234 at PageID 1117-18.)

Stargell requests that the Court allow him to complete the rest of his sentence under home incarceration, which amounts to asking the Court to change the place where his sentence will be served (from FCI Gilmer to his home or a halfway house), without reducing the term of his imprisonment. However, it is the BOP, not the courts, that has the authority to determine the place of a defendant's confinement. The CARES Act did not change this fact. 18 U.S.C. § 3621(b)

("The Bureau of Prisons shall designate the place of the prisoner's imprisonment …"); CARES Act, Pub. L. No. 116-136, at Div. B., Title II, § 120003(b)(2); *United States v. Brummett*, No. 20-5626, 2020 U.S. App. LEXIS 26427, at *5, 2020 WL 5525871 (6th Cir. Aug. 19, 2020) ("to the extent that [the defendant prisoner] sought relief under the CARES Act, the district court correctly held that the authority to grant home confinement remains solely with the Attorney General and the BOP"); *see also United States v Spencer*, No. 20-3721, 2020 U.S. App. LEXIS 28051, 2020 WL 5498932, at *2 (6th Cir. Sept. 2, 2020) ("Section 3582(c)(1)(A) does not authorize the district court to order that a defendant serve his current sentence in home confinement," but, if the court "reduces a defendant's sentence under § 3582(c)(1)(A) to time served, [then] it can impose a term of supervised release equal to the unserved time and order, as a condition of that supervised release, that the defendant be confined to his home"). Therefore, the request is denied.

2. **Exhaustion of Administrative Remedies**

The Government also argues that Stargell has not exhausted his administrative remedies. (Doc. No. 234 at PageID 1114.) Stargell argues that he should be allowed to skip this step because other courts have waived the exhaustion period for defendants who have serious physical conditions. (Doc. No. 233 at PageID 1047-48.) Binding Sixth Circuit precedent precludes the Court from entertaining Stargell's argument.

Section 603(b) of the First Step Act, which was signed into law on December 21, 2018, modified 18 U.S.C. § 3582 to allow a defendant to bring a motion on his or her own behalf either "[1] after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or [2] the lapse of 30 days from the receipt of such request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A); Pub L. No. 115-391, 132 Stat. 5194; *see also United States v. Alam*, 960 F.3d

6

831, 833-34 (6th Cir. 2020); *Ruffin*, 978 F.3d at 1004 ("defendants now may bring reduction-of-sentence motions on their own once they exhaust any administrative remedies or wait 30 days from the date they request relief from the Bureau of Prisons"). The exhaustion requirement contained in § 3582(c)(1)(A) is jurisdictional and cannot be waived, even due to emergencies such as the COVID-19 pandemic. *Alam*, 960 F.3d at 835 ("[i]t does not follow that Congress meant to excuse prisoners' failure to follow an exhaustion requirement that it deliberately added in the same amendment"); *United States v. Forrest*, No. 2:17-cr-158, 2020 U.S. Dist. LEXIS 79674, at *2 (S.D. Ohio May 6, 2020). "The exhaustion requirement is a mandatory claims-processing rule that must be enforced if raised by the government," as it was here. *United States v. Patterson*, No. 21-3039, 2021 U.S. App. LEXIS 27754, at *5, 2021 WL 6339640 (6th Cir. Sept. 15, 2021) (citing *Alam*, 960 F.3d at 833-34).

Stargell admits right off the bat that he has not even requested a compassionate release through the BOP. (Doc. No. 233 at PageID 1047.) Stargell cites to a single case from within the Sixth Circuit to support his argument for waiving the exhaustion requirement: *Miller v. United States*, No. 16-20222-1, 2020 U.S. Dist. LEXIS 62421, 2020 WL 1814084, at *2 (E.D. Mich. Apr. 9, 2020). *Miller* has been rejected by at least two other courts in this district because, as those courts correctly point out, the decision was based on minimal analysis of the text of § 3582 and it relies on a Second Circuit opinion with little persuasive value here. *See United States v. Atwi*, 455 F. Supp. 3d 426, 428 (E.D. Mich. Apr. 20, 2020); *United States v. Bolze*, 460 F. Supp. 3d 697, 706-07 (E.D. Tenn. May 13, 2020). Most importantly, the holding is inconsistent with *Alam*, which the Sixth Circuit decided two months after *Miller*.

Moreover, even the Court found *Miller* persuasive and could avoid the binding precedent in *Alam*, Stargell has not presented any evidence that he suffers from a serious underlying medical

7

condition. Indeed, the Motion simply states: "Defendant has previously suffered from lung related issues, including shortness of breath and sinus inflammation." (Doc. No. 233 at PageID 1048.) A review of the medical records does not indicate a serious underlying medical issue or even a diagnosis for these symptoms.

Therefore, the Court denies the Motion without prejudice because Stargell has failed to exhaust his administrative remedies.

### 3. Section 3582 Considerations

Finally, even if the Court could waive the exhaustion prerequisite, Stargell still would not satisfy the Section 3582 requirements. Regarding the first requirement, for purposes of the Court's analysis, the Court will assume—without deciding—that Stargell has demonstrated an extraordinary and compelling reason for reducing the term of imprisonment.[3] Regarding the second requirement, given that Stargell (an incarcerated person) filed the Motion, the Court "may skip"—and does skip—this step, in accordance with the Sixth Circuit's *Jones* decision. *Jones*, 980 F.3d at 1111.

Regarding the third requirement, the Court has considered the parties' arguments and the Section 3553(a) factors to the extent that they are applicable. 18 U.S.C. § 3582(c)(1)(A)(i). This includes that the Court considered Stargell's history and characteristics. *See* 18 U.S.C. § 3553(a)(1). Stargell accepted responsibility for his actions and appears to have behaved himself while incarcerated. Stargell has further proposed a release plan that appears feasible.

---

[3] The Court emphasizes it has not actually found that any circumstance (separately or combined) alleged by Stargell qualifies as an "extraordinary and compelling reason[] [that] warrant[s] a reduction" of his sentence. 18 U.S.C § 3582(c)(1)(A)(i). As shown herein, the Court need not actually conduct that analysis to decide the Motion. *See, e.g., Jones*, 980 F.3d at 1108 (affirming district court's decision, which had "assumed for the sake of argument that extraordinary and compelling reasons existed" to reduce the defendant's term of imprisonment, proceeded to weigh several § 3553(a) factors, and then denied the motion for compassionate release).

Yet, the "nature and circumstances of the offense" do not favor early release. *See* 18 U.S.C. § 3553(a)(1); *see also Wright*, 991 F.3d at 719 ("district courts have wide latitude to deny compassionate release based on the seriousness of the underlying offense," such that "[s]o long as the district court considers the parties' arguments and has a reasoned basis for exercising its own legal decisionmaking authority, it is not an abuse of discretion to deny compassionate release based on the seriousness of the offense") (internal quotation marks omitted). The offense for which Stargell is currently incarcerated involved large quantities of fentanyl, heroin, and tramadol. (Doc. No. 51 at PageID 147, 149, 155.) Heroin and fentanyl are both dangerous, and potentially lethal, controlled substances. 18 U.S.C. §§ 3553(a)(1), (a)(2)(A), (a)(2)(C); *see also United States v. Morales-Medina*, No. 3:16-cr-00039, 2021 U.S. Dist. LEXIS 90270, at *16, 2021 WL 1909708 (S.D. Ohio May 12, 2021) ("Both heroin and fentanyl are dangerous, and potentially lethal, controlled substances"); *United States v. McBeath*, No. 3:15-cr-00169-1, 2021 U.S. Dist. LEXIS 66214, at *14, 2021 WL 1267529 (S.D. Ohio Apr. 6, 2021) (heroin and fentanyl "are dangerous, potentially lethal, controlled substances"); *United States v. Harris*, 774 F. App'x 937, 941 (6th Cir. 2019) (quoting the United States Sentencing Commission in U.S.S.G. App. C, amendment 807 (2018) concerning U.S.S.G. § 2D1.1 as stating that, "[b]ecause of fentanyl's extreme potency, the risk of overdose is great, particularly when the user is inexperienced or unaware of what substance he or she is using"); *United States v. Taylor*, 449 F. Supp. 3d 668, 673 (E.D. Ky. 2020) (fentanyl is "an exceptionally dangerous drug"). This weighs strongly against a sentence reduction. *See United States v. Brown*, 828 F. App'x 256, 257 (6th Cir. 2020) (finding heroin dealers to be "dangerous contributors to the opioid epidemic"); *United States v. Marshall*, No. 18-cr-20491, 2020 WL 5369038, at *3, 2020 U.S. Dist. LEXIS 162919 (E.D. Mich. Sept. 8, 2020) (noting that

fentanyl is an extremely potent and dangerous drug and, thus, the nature of fentanyl-related offenses "weighs significantly against release").

Additionally, Stargell's criminal history shows that the offense in this case was his fifth drug related conviction and his third conviction associated with trafficking heroin. (PSR ¶¶ 71, 75, 77, 78.) This greatly concerns the Court. *See* 18 U.S.C. §3553(a)(1), (a)(2)(A), (a)(2)(B), (a)(2)(C), (a)(6). The Court finds that the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence to criminal conduct, and protect the public from further crimes of the defendant do not favor early release. *See* 18 U.S.C. § 3553(a)(2)(A)-(C). Furthermore, Stargell still has a substantial amount of his sentence remaining. See 18 U.S.C. § 3553(a)(2)(A), (a)(2)(B), (a)(6); *Ruffin*, 978 F.3d at 1008 (considering the amount of the sentence that the petitioner had served); *United States v. Kincaid*, 802 F. App'x 187, 188 (6th Cir. 2020) ("the need to provide just punishment, the need to reflect the seriousness of the offense, and the need to promote respect for the law permit the court to consider the amount of time served in determining whether a sentence modification is appropriate"). Releasing Stargell with so much time remaining on his sentence "minimizes both the impact of [his] crime and seriousness of [his] offense." *United States v. Chambliss*, 948 F.3d 691, 694 (5th Cir. 2020).

Having considered the parties' arguments and the factors set forth in Section 3553(a) to the extent that they are applicable, the Court finds that reduction in the term of imprisonment is not warranted. Thus, even if the first two requirements are met, the Court finds that consideration of the applicable Section 3553(a) factors does not support granting a reduction. *Ruffin*, 978 F.3d at 1008 (the Sixth Circuit has "repeatedly recognized that district courts may deny relief under the §

3553(a) factors even if 'extraordinary and compelling' reasons would otherwise justify relief"); *United States v. Harvey*, 996 F.3d 310, 312-15 (6th Cir. 2021); *Wright*, 991 F.3d at 720.

### III. CONCLUSION

Although the Court is sympathetic to Stargell's arguments about the fear of contracting COVID-19, Stargell has not exhausted his administrative remedies and the circumstances here do not warrant a reduction in the term of imprisonment pursuant to Section 3582(c)(1)(A). For the reasons stated above, the Court **DENIES** the Motion for Compassionate Release Due to Danger from the Coronavirus (Doc. No. 233).

**DONE** and **ORDERED** in Dayton, Ohio, this Wednesday, February 23, 2022.

s/Thomas M. Rose

_____
THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE