UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| Plaintiff, | : Case No. 3:17-cr-28-TMR-3 |
| v. | : Judge Thomas M. Rose |
| DARION STARGELL, | : |
| Defendant. | : |

---

**ENTRY AND ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION AND RENEWED MOTION FOR COMPASSIONATE RELEASE WITH A MODIFICATION OF SENTENCE (DOC. NO. 236)**

---

This case is before the Court on the Motion for Reconsideration and Renewed Motion for Compassionate Release with a Modification of Sentence (the "Motion") (Doc. No. 236), filed by Darion Stargell ("Stargell"). Stargell is currently incarcerated at FCI Gilmer in West Virginia. Stargell asks this Court to reconsider its previous ruling on his Motion for Compassionate Release Due to Danger from the Coronavirus (Doc. No. 235). He further asks the Court for compassionate release from his term of imprisonment. More specifically, he asks that this Court grant him compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) as amended by § 603 of the First Step Act (FSA) of 2018 (P.L. 115-391), such that he would serve an amount equal to the remaining term of imprisonment on home confinement. (Doc. No. 236 at PageID 1134.) For the reasons discussed below, the Court **DENIES** Stargell's Motion.

I. **BACKGROUND**

On May 25, 2017, the Government filed the Second Superseding Indictment alleging separate counts against Stargell relating to the possession with intent to distribute various

1

controlled substances, including fentanyl, heroin, and tramadol and the use of a cellular telephone in facilitating the commission of a felony. (Doc. No. 51 at PageID 147, 149, 155.) On September 11, 2017, pursuant to a plea agreement, Stargell pleaded guilty to the offenses charged in the Second Superseding Indictment. (See Doc. No. 98.) The Statement of Facts attached to the Plea Agreement, signed by Stargell and his attorney, states:

> Between late 2016 and 2017, in the Dayton, Ohio area, defendant Darion Stargell worked with other people, including Sergio Candelas-Ruiz and Lizabeth Ruiz, to receive and to distribute bulk quantities of heroin and fentanyl. Throughout this time, the Ruizes arranged for couriers sent from Mexico to bring large quantities of controlled substances to Mr. Stargell in the Dayton metropolitan area. Upon obtaining these illegal drugs, Mr. Stargell resold them to other drug dealers in southern Ohio.

(Doc. No. 98 at PageID 264.)

Prior to sentencing, the Probation Office prepared a Presentence Report ("PSR") that detailed Stargell's criminal history. Although only in his late twenties at that time, Stargell had sustained multiple felony drug convictions, including for: conspiracy to traffic cocaine (2008); trafficking in heroin (2012); trafficking in heroin (2014); and trafficking in cocaine (2017). (*See* PSR ¶¶ 67-78.) The PSR also reported that Stargell suffered from no serious medical conditions at the time of the offense. (PSR ¶¶ 97-98.)

At sentencing in this case, the Court imposed a 120-month term of incarceration, four years of supervised release with special conditions, and a $100 special assessment. (Doc. No. 142.) Stargell is currently 32 years old and has an anticipated release date of January 6, 2026. (*See* FEDERAL BUREAU OF PRISONS INMATE LOCATOR, https://www.bop.gov/inmateloc (last visited May 6, 2022).)

On December 17, 2021, Stargell filed his first Motion for Compassionate Release Due to Danger from the Coronavirus. (Doc. No. 224.) The Court denied the motion on June 23, 2021.

(Doc. No. 231.) Stargell then filed his second Motion for Compassionate Release Due to Danger from the Coronavirus on January 10, 2022. (Doc. No. 233.) The Court denied that motion on February 23, 2022. (Doc. No. 235.) Stargell filed the present Motion on April 4, 2022. (Doc. No. 236.) The Government filed its response on April 19, 2022 (Doc. No. 237), and Stargell filed his reply on May 3, 2022 (Doc. No. 238). The matter is fully briefed and ripe for review and decision.

II.     ANALYSIS

   A.   Motion for Reconsideration

"[C]ourts adjudicating motions to reconsider in criminal cases typically evaluate such motions under the same standards applicable to a civil motion to alter or amend judgment pursuant to Fed. R. Civ. P. 59(e)." *United States v. Guzman*, No. 5:16-cr-41, 2019 U.S. Dist. LEXIS 157625, at *3-4, 2019 WL 4418015 (E.D. Ky. Sept. 16, 2019) (citation and quotation marks omitted). The standard for a motion to reconsider under Rule 59(e) is "necessarily high." *Hewitt v. W. & S. Fin. Grp. Flexibly Benefits Plan*, No. 16-120, 2017 U.S. Dist. LEXIS 105097, at *2-3, 2017 WL 2927472 (E.D. Ky. July 7, 2017). A court may only grant a Rule 59(e) motion if the moving party shows (1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in the controlling law; or (4) a manifest injustice. *GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999) (citations omitted).

   B.   Legal Standards for Compassionate Release

Section 3582(c)(1)(A), colloquially known as the "compassionate release" statute, grants authority, in certain limited circumstances, to modify a term of imprisonment after it has been imposed. It provides, in part:

> The court may not modify a term of imprisonment once it has been imposed except that—in any case—the court … may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after

3

considering the factors set forth in [18 U.S.C.] section 3553(a) to the extent that they are applicable, if it finds that extraordinary and compelling reasons warrant such a reduction … and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A)(i).[1]

Therefore, a court may reduce a defendant's previously imposed term of imprisonment if it finds that three requirements are met: (1) "extraordinary and compelling reasons warrant such a reduction"; (2) the "reduction is consistent with applicable policy statements issued by the Sentencing Commission"; and (3) the § 3553(a) factors, to the extent that they are applicable, support the reduction. 18 U.S.C. § 3582(c)(1)(A)(i); *see also United States v. Lemons*, 15 F.4th 747, 749 (6th Cir. 2021). On the other hand, a court may deny a compassionate release motion when any of the three substantive requirements is lacking and need not address the others.[2] *United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021). Moreover, while a court may reduce the term of imprisonment if all three requirements are met, it "need not do so." *Id.*; *see also* 18 U.S.C. § 3582(c)(1)(A)(i) (stating that a court "may" reduce the term of imprisonment); *United States v. Jones*, 980 F.3d 1098, 1106 (6th Cir. 2020) ("Congress's use of 'may' in § 3582(c)(1)(A) dictates that the compassionate release decision is discretionary, not mandatory").

Regarding the third requirement, "§ 3582(c)(1)(A) instructs a court to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by steps one and two is warranted in whole or in part under the particular circumstances of the case."

---

[1] Subpart (ii) of this portion of the statute provides "a separate basis for compassionate release tied to the defendant's age and years in prison." *United States v. Ruffin*, 978 F.3d 1000, 1003 (6th Cir. 2020).

[2] However, courts currently omit the second requirement when an incarcerated person, as opposed to the Bureau of Prisons ("BOP"), files a motion seeking a sentence reduction. *Lemons*, 15 F.4th at 749. The Sixth Circuit has explained that, "where incarcerated persons file motions for compassionate release, federal judges may skip step two of the § 3582(c)(1)(A) inquiry"—at least until the Sentencing Commission updates § 1B1.13 of the United States Sentencing Commission Guidelines Manual to reflect the First Step Act. *United States v. Jones*, 980 F.3d 1098, 1009-1111 (6th Cir. 2020) (explaining that passage of the First Step Act rendered § 1B1.13 inapplicable to cases where an imprisoned person files a motion for compassionate release).

*Jones*, 980 F.3d at 1108 (internal quotation marks omitted and alterations adopted); *see also United States v. Wright*, 991 F.3d 717, 719 (6th Cir. 2021) ("[d]istrict courts may place great weight on one sentencing factor when that weight is warranted") (internal quotation marks omitted). The factors set forth in Section 3553(a) consider such things as the nature of the offense, the circumstances of the offense, the history of the defendant, the characteristics of the defendant, "and various penological goals, such as the need to promote respect for law and to protect the public," as well as to reflect the seriousness of the offense, provide just punishment for the offense, afford adequate deterrence to criminal conduct, and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner. *United States v. Ruffin*, 978 F.3d 1000, 1005 (6th Cir. 2020); *see also* 18 U.S.C. § 3553(a).

### C. Application

Stargell asks this Court to reconsider its previous ruling on his Motion for Compassionate Release Due to Danger from the Coronavirus (Doc. No. 235). He further asks that this Court grant him compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) as amended by § 603 of the First Step Act (FSA) of 2018 (P.L. 115-391), such that he would serve an amount equal to the remaining term of imprisonment on home confinement. (Doc. No. 236 at PageID 1134.) The Court will deal with each request in turn.

#### 1. Motion to Reconsider

Stargell initially asks this Court to reconsider its denial of his second Motion for Compassionate Release Due to the Dangers of the Coronavirus (Doc. No. 235). Stargell argues that he has shown the Sixth Circuit's ruling in *Elias* supports granting relief in his situation, that he has demonstrated that he has satisfied the Section 3553(a) factors, and that the Court has already

5

accepted his plan for reentry. (Doc. No. 236 at PageID 1138-39.) The Court disagrees with all three points.

To appropriately frame the issue here, Stargell has not argued that any newly discovered evidence exists or cited an intervening change in the controlling law. *See GenCorp, Inc.*, 178 F.3d at 834. Instead, Stargell appears to argue either a clear error of law or a manifest injustice has occurred. *Id*. A clear error of law would mean the Court applied the incorrect law to the facts. *Kelly v. Apria Healthcare*, LLC, 232 F. Supp. 3d 983, 997 (E.D. Tenn. 2017). "[A] manifest injustice requires that there exist a fundamental flaw in the court's decision that without correction would lead to a result that is both inequitable and not in line with applicable policy." *United States v. Allen*, No. 14-20191, 2020 U.S. Dist. LEXIS 143194, at *2, 2020 WL 4592901 (E.D. Mich. Aug. 11, 2020) (quoting *McDaniel v. Am. Gen. Fin. Servs.*, No. 04-2667, 2007 U.S. Dist. LEXIS 52217, at *6-7, 2007 WL 2084277 (W.D. Tenn. July 17, 2007) (internal quotation marks omitted)).

Stargell argues *Elias* stands for the proposition that the Court should use the two-part test that the lower court employed in that case. (Doc. No. 236 at PageID 1133.) That two-part test for determining whether an extraordinary and compelling reason for release exists asks whether, "(1) the defendant is at high risk of having complications from COVID-19 and (2) the prison where the defendant is held has a severe COVID-19 outbreak." *Elias*, 984 F.3d at 520. A clear error of law did not occur because *Elias* does not stand for the proposition Stargell believes it does. *Elias* does not stand as a judicial decree that all courts must use the two-part test employed by the lower court in that instance; instead it held that "district courts are not bound by § 1B1.13 in defining extraordinary and compelling reasons for release." *Elias*, 984 F.3d at 521. The court in *Elias* further confirmed that the district court must "'set forth enough to satisfy the appellate court that

6

he has considered the parties' arguments and has a reasoned basis for exercising his own legal decision-making authority.'" *Id*. (quoting *Jones*, 980 F.3d at 1113).

In this instance, the Court stated that it would "assume—without deciding—that Stargell has demonstrated an extraordinary and compelling reason for reducing the term of imprisonment." (Doc. No. 235 at PageID 1127.) The Court did so, as permitted by *Jones*, because it did not need to decide whether Stargell had demonstrated an extraordinary and compelling reason for reduction in his term of imprisonment because he clearly could not establish that he satisfied the Section 3553(a) factors. (Doc. No. 235 at PageID 1128-30.) In other words, he failed to meet the third requirement for compassionate release, so the Court did not need to consider the first requirement. *Elias*, 984 F.3d at 519. Therefore, the Court did not commit a clear error of law.

Moreover, Stargell simply states that he has shown he satisfied the Section 3553(a) factors because other similarly situated defendants were given compassionate releases. (Doc. No. 236 at PageID 1137.) In other words, Stargell argues that because individuals who committed more serious offenses than him were granted compassionate releases, he is not a danger to the community under Section 3553(a). The Court rejects this reasoning. The Court determined that Stargell was incarcerated for crimes involving large amounts of lethal narcotics, heroin and fentanyl, that he had a significant amount of time remaining on his sentence, and that he had repeatedly committed drug-related crimes. (Doc. No. 235 at PageID 1128-29.) Stargell does not dispute that these points are factually correct. Indeed, the Court provided numerous citations consistent with a finding that such circumstances do not warrant a reduction in sentence under Section 3553(a), as is within this Court's discretion. *Jones*, 980 F.3d at 1108. Stargell's argument that other factually distinct defendants were awarded compassionate release based on those courts' analysis of the Section 3553(a) factors unique to those individuals is insufficient to reach the

7

"necessarily high bar" required of a motion for reconsideration. *See Hewitt*, 2017 U.S. Dist. LEXIS 105097, at *2-3.

Finally, Stargell repeatedly states that the Court "accepted," "approved," or found "commendable" his reentry plan. (Doc. No. 236 at PageID 1138, 42; Doc. No. 238 at PageID 1156.) In fact, the Court stated his reentry plan was "feasible." (Doc. No. 235 at PageID 1127.) While the Court found his reentry was, at its limits, possible, this hardly means that the Court had determined that he should be released barring one or two small issues. Indeed, it is unclear what this point has to do with the reconsideration portion of Stargell's Motion.

Stargell's Motion is denied to the extent it seeks to reconsider the Court's Entry and Order Denying Defendant Darion Stargell's Motion for Compassionate Release Due to Danger from the Coronavirus (Doc. No. 235).

## 2. Preliminary Matters Regarding Home Confinement

Section 3582(c)(1)(A) allows the Court, in certain limited circumstances, to "reduce the term of imprisonment." 18 U.S.C. § 3582(c)(1)(A)(i). Stargell states that he should be released to serve the remainder of his sentence on home confinement. (Doc. No. 236 at PageID 1134, 1141.)

Stargell requests that the Court allow him to complete the rest of his sentence under home incarceration, which amounts to asking the Court to change the place where his sentence will be served (from FCI Gilmer to his home), without reducing the term of his imprisonment. However, it is the BOP, not the courts, that has the authority to determine the place of a defendant's confinement. The CARES Act did not change this fact. 18 U.S.C. § 3621(b) ("The Bureau of Prisons shall designate the place of the prisoner's imprisonment …"); CARES Act, Pub. L. No. 116-136, at Div. B., Title II, § 120003(b)(2); *United States v. Brummett*, No. 20-5626, 2020 U.S.

8

App. LEXIS 26427, at *5, 2020 WL 5525871 (6th Cir. Aug. 19, 2020) ("to the extent that [the defendant prisoner] sought relief under the CARES Act, the district court correctly held that the authority to grant home confinement remains solely with the Attorney General and the BOP"); *see also United States v Spencer*, No. 20-3721, 2020 U.S. App. LEXIS 28051, 2020 WL 5498932, at *2 (6th Cir. Sept. 2, 2020) ("Section 3582(c)(1)(A) does not authorize the district court to order that a defendant serve his current sentence in home confinement," but, if the court "reduces a defendant's sentence under § 3582(c)(1)(A) to time served, [then] it can impose a term of supervised release equal to the unserved time and order, as a condition of that supervised release, that the defendant be confined to his home"). The Court, as it stated in its prior entry, (Doc. No. 235 at PageID 1124-24.), has no ability to place Stargell on home confinement. Therefore, the request is denied.

### 3. **Exhaustion of Administrative Remedies**

The Government argues that Stargell has not exhausted his administrative remedies. (Doc. No. 237 at PageID 1148-49.) Stargell argues that he has exhausted his administrative remedies because he emailed the warden of FCI Gilmer and the warden directed him to another official. (Doc. No. 236 at PageID 1134; Doc. No. 238 at PageID 1154.)

Section 603(b) of the First Step Act, which was signed into law on December 21, 2018, modified 18 U.S.C. § 3582 to allow a defendant to bring a motion on his or her own behalf either "[1] after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or [2] the lapse of 30 days from the receipt of such request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A); Pub L. No. 115-391, 132 Stat. 5194; *see also United States v. Alam*, 960 F.3d 831, 833-34 (6th Cir. 2020); *Ruffin*, 978 F.3d at 1004 ("defendants now may bring reduction-of-

9

sentence motions on their own once they exhaust any administrative remedies or wait 30 days from the date they request relief from the Bureau of Prisons"). The exhaustion requirement contained in § 3582(c)(1)(A) is jurisdictional and cannot be waived, even due to emergencies such as the COVID-19 pandemic. *Alam*, 960 F.3d at 835 ("[i]t does not follow that Congress meant to excuse prisoners' failure to follow an exhaustion requirement that it deliberately added in the same amendment"); *United States v. Forrest*, No. 2:17-cr-158, 2020 U.S. Dist. LEXIS 79674, at *2 (S.D. Ohio May 6, 2020). "The exhaustion requirement is a mandatory claims-processing rule that must be enforced if raised by the government," as it was here. *United States v. Patterson*, No. 21-3039, 2021 U.S. App. LEXIS 27754, at *5, 2021 WL 6339640 (6th Cir. Sept. 15, 2021) (citing *Alam*, 960 F.3d at 833-34).

Stargell states that he emailed the warden of FCI Gilmer and he was directed to another official. (Doc. No. 238 at PageID 1154.) He argues that this is sufficient to satisfy 18 U.S.C. § 3582(c)(1)(A). (*Id*. at PageID 1154-55.) The Government argues that Stargell emailed the warden for an interview to discuss his potential release for medical and family reasons. (Doc. No. 237 at PageID 1148.) The Government argues that this generalized email is not sufficient to exhaust his administrative remedies. (*Id*. at PageID 1148-49.) In the March 27, 2022 email, Stargell informs the Warden that he would like his "help in reference to being granted a compassionate release or a home confinement transfer." (Doc. No. 236-1.) He further states, "I am requesting an interview to further discuss this matter." (*Id*.)

Stargell has two issues. First, his email cannot be construed as a request for compassionate release. Instead, it is more logically read as a request for further information and assistance from the warden and prison officials. Nor can the warden's response of, "[c]ommunicate your questions/concerns with your unit team," be interpreted as a refusal to consider a compassionate

10

release. (Doc. No. 236-1.) Second, thirty days did not elapse between the receipt of the email from Stargell by the warden and the filing of this Motion, which may otherwise have exhausted Stargell's administrative remedies.

Therefore, the Court denies the Motion without prejudice because Stargell has failed to exhaust his administrative remedies.

### 4. Section 3582 Considerations

Finally, even if the Court could waive the exhaustion prerequisite, Stargell still would not satisfy the Section 3582 requirements. Regarding the first requirement, the Court previously assumed—without deciding—that Stargell had demonstrated an extraordinary and compelling reason for reducing the term of imprisonment. Stargell argues two grounds for his extraordinary and compelling reasons for release. Stargell first argues that, due to his obesity and the fact that he is African-American, he had demonstrated that he is at a heightened concern for contracting COVID-19. (Doc. No. 236 at PageID 1133.) Stargell also suggests that he has a lung condition. (*Id.*) He next argues that his family situation demonstrates another extraordinary and compelling reason for reducing the term of imprisonment. (*Id.* at PageID 1139-40.) Specifically, Stargell states that his partner's profession as a registered nurse and her working hours constitute a hardship for his children. (*Id.*) The Government argues that these reasons do not serve as extraordinary and compelling reasons for release. (Doc. No. 237 at PageID 1149-50.) The Court finds that these reasons do not serve as extraordinary and compelling reasons for reducing the term of imprisonment.

First, to the extent this is a new motion for compassionate release, Stargell has not provided any medical documentation for this Motion.[3] A failure to submit medical records, on its own, is a

---

[3] Stargell argues that he has demonstrated an extraordinary and compelling reason for release, despite failing to

sufficient basis to deny a motion for compassionate release. *Elias*, 984 F.3d at 520. Indeed, the medical records attached to his previous motion does not reference any diagnosed lung condition, outside occasional references to his medical visits for various complaints. (*See* Doc. No. 233-1.) Nor do these records give Stargell's height and weight at the time of his second motion. (*See id*.) The records also do not list a diagnosis of obesity. (*See id*.) Thus, the only thing Stargell can prove is that he is African-American. However, his race alone is not sufficient to establish an extraordinary and compelling medical reason for release. *See, e.g., United States v. Myers*, No. 18-20633, 2020 U.S. Dist. LEXIS 152939, at *8, 2020 WL 4934343 (E.D. Mich. Aug. 24, 2020) (inmate's "argument that he is at a higher risk of serious illness because of his race does not amount to an extraordinary and compelling reason warranting his release").

Stargell also argues that his partner's work schedule makes it difficult for her to care for their children and, as a result, he is the only available caregiver. (Doc. No. 236 at PageID 1139-40.) Stargell has stated that his partner works difficult hours because she is a registered nurse and that imposes a burden on her in caring for their children on her own. The Court is certainly sympathetic to the plight of Stargell's partner, as she works and cares for their children on her own, however, this situation is not "extraordinary." *See United States v. Miller*, No. 3:19-cv-123-13, 2020 U.S. Dist. LEXIS 217614, at *8, 2020 WL 6817030 (D. Conn. Nov. 20, 2020) (although inmate's "fiancée certainly faces serious challenges in balancing searching for work and caring for the children, these challenges are similar to those many parents face").

---

provide his medical records, because the Government did not provide his medical records either. Consequently, Stargell argues he has satisfied the first factor laid out in *Elias*. This argument is absurd. Stargell is the one seeking a release and he bears the burden of providing the documentation necessary for this to happen, not the Government. *United States v. Mateo*, No. 1:12-cr-127, 2022 U.S. Dist. LEXIS 35342, at *4, 2022 WL 603783 (S.D. Ohio Mar. 1, 2022).

Therefore, the Court finds that Stargell has not demonstrated an extraordinary and compelling reason for reducing the term of imprisonment.

Regarding the second requirement, given that Stargell (an incarcerated person) filed the Motion, the Court "may skip"—and does skip—this step, in accordance with the Sixth Circuit's *Jones* decision. *Jones*, 980 F.3d at 1111.

Regarding the third requirement, the Court has considered the parties' arguments and the Section 3553(a) factors to the extent that they are applicable. 18 U.S.C. § 3582(c)(1)(A)(i). This includes that the Court considered Stargell's history and characteristics. *See* 18 U.S.C. § 3553(a)(1). Stargell accepted responsibility for his actions and appears to have behaved himself while incarcerated. Stargell has proposed a release plan that appears feasible, though the Court has not evaluated the plan beyond its face because Stargell is not entitled to a compassionate release.

The "nature and circumstances of the offense" do not favor early release. *See* 18 U.S.C. § 3553(a)(1); *see also Wright*, 991 F.3d at 719 ("district courts have wide latitude to deny compassionate release based on the seriousness of the underlying offense," such that, "[s]o long as the district court considers the parties' arguments and has a reasoned basis for exercising its own legal decision-making authority, it is not an abuse of discretion to deny compassionate release based on the seriousness of the offense") (internal quotation marks omitted). The offense for which Stargell is currently incarcerated involved large quantities of fentanyl, heroin, and tramadol. (Doc. No. 51 at PageID 147, 149, 155.) Heroin and fentanyl are both dangerous, and potentially lethal, controlled substances. 18 U.S.C. §§ 3553(a)(1), (a)(2)(A), (a)(2)(C); *see also United States v. Morales-Medina*, No. 3:16-cr-00039, 2021 U.S. Dist. LEXIS 90270, at *16, 2021 WL 1909708 (S.D. Ohio May 12, 2021) ("Both heroin and fentanyl are dangerous, and potentially lethal,

controlled substances"); *United States v. McBeath*, No. 3:15-cr-00169-1, 2021 U.S. Dist. LEXIS 66214, at *14, 2021 WL 1267529 (S.D. Ohio Apr. 6, 2021) (heroin and fentanyl "are dangerous, potentially lethal, controlled substances"); *United States v. Harris*, 774 F. App'x 937, 941 (6th Cir. 2019) (quoting the United States Sentencing Commission in U.S.S.G. App. C, amendment 807 (2018) concerning U.S.S.G. § 2D1.1 as stating that, "[b]ecause of fentanyl's extreme potency, the risk of overdose is great, particularly when the user is inexperienced or unaware of what substance he or she is using"); *United States v. Taylor*, 449 F. Supp. 3d 668, 673 (E.D. Ky. 2020) (fentanyl is "an exceptionally dangerous drug"). This weighs strongly against a sentence reduction. *See United States v. Brown*, 828 F. App'x 256, 257 (6th Cir. 2020) (finding heroin dealers to be "dangerous contributors to the opioid epidemic"); *United States v. Marshall*, No. 18-cr-20491, 2020 WL 5369038, at *3, 2020 U.S. Dist. LEXIS 162919 (E.D. Mich. Sept. 8, 2020) (noting that fentanyl is an extremely potent and dangerous drug and, thus, the nature of fentanyl-related offenses "weighs significantly against release").

Additionally, Stargell's criminal history shows that the offense in this case was his fifth drug-related conviction and his third conviction associated with trafficking heroin. (PSR ¶¶ 71, 75, 77, 78.) This greatly concerns the Court. *See* 18 U.S.C. §3553(a)(1), (a)(2)(A), (a)(2)(B), (a)(2)(C), (a)(6). The Court finds that the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence to criminal conduct, and protect the public from further crimes of the defendant do not favor early release. *See* 18 U.S.C. § 3553(a)(2)(A)-(C). Furthermore, Stargell still has a substantial amount of his sentence remaining. *See* 18 U.S.C. § 3553(a)(2)(A), (a)(2)(B), (a)(6); *Ruffin*, 978 F.3d at 1008 (considering the amount of the sentence that the petitioner had served); *United States v. Kincaid*, 802 F. App'x 187, 188 (6th Cir. 2020) ("the need to provide just punishment, the need to

14

reflect the seriousness of the offense, and the need to promote respect for the law permit the court to consider the amount of time served in determining whether a sentence modification is appropriate").

Releasing Stargell with so much time remaining on his sentence "minimizes both the impact of [his] crime and seriousness of [his] offense." *United States v. Chambliss*, 948 F.3d 691, 694 (5th Cir. 2020). Yet Stargell argues that other defendants, before other courts, with different characteristics have been released even though they had more drugs than him. (Doc. No. 236 at PageID 1136-37.) The Court is within its discretion to consider the factors relevant to Stargell's case and evaluate the Section 3553(a) factors accordingly. *Jones*, 980 F.3d at 1108.

Having considered the parties' arguments and the factors set forth in Section 3553(a) to the extent that they are applicable, the Court finds that a reduction in the term of imprisonment is not warranted. Thus, even if the first two requirements are met, the Court finds that consideration of the applicable Section 3553(a) factors does not support granting a reduction. *Ruffin*, 978 F.3d at 1008 (the Sixth Circuit has "repeatedly recognized that district courts may deny relief under the § 3553(a) factors even if 'extraordinary and compelling' reasons would otherwise justify relief"); *United States v. Harvey*, 996 F.3d 310, 312-15 (6th Cir. 2021); *Wright*, 991 F.3d at 720.

### III. CONCLUSION

Stargell has not established that the Court's previous ruling was a clear error of law or resulted in a manifest injustice. Moreover, Stargell has not exhausted his administrative remedies or established extraordinary and compelling circumstances for his release. Finally, the circumstances here do not warrant a reduction in the term of imprisonment pursuant to Section 3582(c)(1)(A). For the reasons stated above, the Court **DENIES** the Motion for Reconsideration and Renewed Motion for Compassionate Release with a Modification of Sentence (Doc. No. 236).

**DONE** and **ORDERED** in Dayton, Ohio, this Monday, May 16, 2022.

                                                                                                             s/Thomas M. Rose

                                                            _____

                                                                    THOMAS M. ROSE
                                                       UNITED STATES DISTRICT JUDGE