UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Plaintiff, | : | Case No. 3:17-cr-28 |
| | : | |
| v. | : | |
| | : | Judge Thomas M. Rose |
| DARION STARGELL, | : | |
| | : | |
| Defendant. | : | |

**ENTRY AND ORDER DENYING DEFENDANT DARION STARGELL'S MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A) (DOC. NO. 253)**

This case is before the Court on the Motion for Sentence Reduction under 18 U.S.C. § 3582(c)(1)(A) ("Motion") (Doc. No. 253), filed by Darion Stargell ("Stargell"). Stargell is currently incarcerated at FCI Beckley in West Virginia. More specifically, he asks that this Court grant him compassionate release so that he may care for his grandfather, who Stargell states has cancer. For the reasons discussed below, the Court **DENIES** Stargell's Motion.

**I.  BACKGROUND**

On May 25, 2017, the Government filed the Second Superseding Indictment alleging separate counts against Stargell relating to the possession with intent to distribute various controlled substances, including fentanyl, heroin, and tramadol and the use of a cellular telephone in facilitating the commission of a felony. (Doc. No. 51 at PageID 147, 149, 155.) On September 11, 2017, pursuant to a plea agreement, Stargell pleaded guilty to the offenses charged in the Second Superseding Indictment. (*See* Doc. No. 98.) The Statement of Facts attached to the Plea Agreement, signed by Stargell and his attorney, states:

1

> Between late 2016 and 2017, in the Dayton, Ohio area, defendant Darion Stargell worked with other people, including Sergio Candelas-Ruiz and Lizabeth Ruiz, to receive and to distribute bulk quantities of heroin and fentanyl. Throughout this time, the Ruizes arranged for couriers sent from Mexico to bring large quantities of controlled substances to Mr. Stargell in the Dayton metropolitan area. Upon obtaining these illegal drugs, Mr. Stargell resold them to other drug dealers in southern Ohio.

(Doc. No. 98 at PageID 264.)

Prior to sentencing, the Probation Office prepared a Presentence Report ("PSR") that detailed Stargell's criminal history. Although only in his late twenties at that time, Stargell had sustained multiple felony drug convictions, including for: conspiracy to traffic cocaine (2008); trafficking in heroin (2012); trafficking in heroin (2014); and trafficking in cocaine (2017). (*See* PSR ¶¶ 67-78.)

At sentencing in this case, the Court imposed a 120-month term of incarceration, four years of supervised release with special conditions, and a $100 special assessment. (Doc. No. 142.) Stargell is currently 32 years old and has an anticipated release date of February 2, 2026. (*See* FEDERAL BUREAU OF PRISONS INMATE LOCATOR, https://www.bop.gov/inmateloc (last visited June 25, 2024).)

On December 17, 2020, Stargell filed his first Motion for Compassionate Release Due to Danger from the Coronavirus. (Doc. No. 224.) The Court denied the motion on June 23, 2021. (Doc. No. 231.) Stargell then filed a second Motion for Compassionate Release Due to Danger from the Coronavirus on January 10, 2022. (Doc. No. 233.) The Court denied that motion on February 23, 2022. (Doc. No. 235.) Stargell filed the present Motion on May 23, 2024. (Doc. No. 253.) The Government did not file a response. The matter is ripe for review and decision.

II. **ANALYSIS**

2

A. **Legal Standards for Compassionate Release**

Section 3582(c)(1)(A), colloquially known as the "compassionate release" statute, grants authority, in certain limited circumstances, to modify a term of imprisonment after it has been imposed. It provides, in part:

> The court may not modify a term of imprisonment once it has been imposed except that—in any case—the court … may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in [18 U.S.C.] section 3553(a) to the extent that they are applicable, if it finds that extraordinary and compelling reasons warrant such a reduction … and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A)(i).

Therefore, a court may reduce a defendant's previously imposed term of imprisonment if it finds that three requirements are met: (1) "extraordinary and compelling reasons warrant such a reduction"; (2) the "reduction is consistent with applicable policy statements issued by the Sentencing Commission"; and (3) the § 3553(a) factors, to the extent that they are applicable, support the reduction. 18 U.S.C. § 3582(c)(1)(A)(i); *see also United States v. Lemons*, 15 F.4th 747, 749 (6th Cir. 2021). A court may ultimately deny a compassionate release motion when any of the three substantive requirements is lacking and need not address the others. *United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021). Moreover, while a court may reduce the term of imprisonment if all three requirements are met, it "need not do so." *Id.*; *see also* 18 U.S.C. § 3582(c)(1)(A)(i) (stating that a court "may" reduce the term of imprisonment); *United States v. Jones*, 980 F.3d 1098, 1106 (6th Cir. 2020) ("Congress's use of 'may' in § 3582(c)(1)(A) dictates that the compassionate release decision is discretionary, not mandatory").

Courts may not consider the Sentencing Commission's applicable policy statements without first determining whether the factors set forth in 18 U.S.C. § 3553(a) warrant a reduction.

3

U.S.S.G. § 1B1.13(a). Further, a court's finding that the applicable § 3553(a) factors militate against a sentence reduction may outweigh a finding of extraordinary and compelling circumstances. *Jones*, 980 F.3d at 1108; *see also United States v. Wright*, 991 F.3d 717, 719 (6th Cir. 2021) ("[d]istrict courts may place great weight on one sentencing factor when that weight is warranted") (internal quotation marks omitted). The factors set forth in § 3553(a) consider such things as the nature of the offense, the circumstances of the offense, the history of the defendant, the characteristics of the defendant, "and various penological goals, such as the need to promote respect for law and to protect the public," as well as to reflect the seriousness of the offense, provide just punishment for the offense, afford adequate deterrence to criminal conduct, and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner. *United States v. Ruffin*, 978 F.3d 1000, 1005 (6th Cir. 2020); see also 18 U.S.C. § 3553(a).

### B. Application

Stargell asks this Court for a compassionate release because his grandfather needs him to act as his caregiver. (Doc. No. 253 at PageID 1214.) Specifically, he states that his grandfather has cancer and no one else in the family can care for him. (*Id*.) The Court is certainly sympathetic to the battle Stargell's grandfather is going through, but Stargell has not provided evidence demonstrating that this situation is "extraordinary."

Relevant to this Motion, the policy statement applicable to compassionate release motions, 18 U.S.S.G § 1B1.13, was amended effective November 1, 2023 and describes six categories of extraordinary and compelling reasons that individually, or in combination, may support a request for compassionate release. These categories are: (1) medical circumstances of the defendant; (2) the age of the defendant; (3) a defendant's family circumstances; (4) sexual or physical abuse suffered by the defendant while in custody involving a "sexual act" or "serious bodily injury"; (5)

4

"other reasons" similar in gravity as those articulated in (1)–(4); and (6) an "unusually long sentence." 18 U.S.S.G. § 1B1.13(b).

Under 18 U.S.S.G. § 1B1.13(b)(3)(D), the defendant may meet the initial threshold for compassionate release by establishing the incapacitation of another "immediate family member or an individual whose relationship with the defendant is similar in kind to [a child, spouse, registered partner, or parent]", and that the defendant "would be the only available caregiver for such family member or individual." § 1B1.13(b)(3)(D). For the purposes of this subsection, the Sentencing Commission defined "immediate family member" as "any of the individuals listed in paragraphs (3)(A) through (3)(C) as well as a grandchild, grandparent, or sibling of the defendant." *Id*.

Even though Stargell's grandfather would be qualifying family member under Section 1B1.13(b)(3)(D), he fails to demonstrate that his grandfather is incapacitated. Stargell has not provided any documentation that establishes his grandfather's diagnosis or incapacity. Nor does he provide any evidence, beyond his own assertion, that he is the only available caregiver for his grandfather. Without any form of supporting documentation or evidence, Stargell cannot demonstrate an extraordinary and compelling reason for reducing the term of his imprisonment. *See United States v. Brown*, No. 1:19-CR-129, 2024 U.S. Dist. LEXIS 40176, at *6, 2024 WL 987528, at *3 (S.D. Ohio Mar. 7, 2024); *United States v. Sims*, No. 5:19-cr-262, 2024 U.S. Dist. LEXIS 64259, at *9-10, 2024 WL 1530952, at *3-4 (N.D. Ohio Apr. 9, 2024).

Even if Stargell was able to demonstrate an extraordinary and compelling reason, the sentencing factors do not weigh in favor of early release. The Court has considered the Section 3553(a) factors to the extent that they are applicable here. 18 U.S.C. § 3582(c)(1)(A)(i). This includes the Court's consideration of Stargell's history and characteristics. *See* 18 U.S.C. §

3553(a)(1). Stargell accepted responsibility for his actions and appears to have behaved himself while incarcerated.

However, the "nature and circumstances of the offense" do not favor early release. *See* 18 U.S.C. § 3553(a)(1); *see also Wright*, 991 F.3d at 719 ("district courts have wide latitude to deny compassionate release based on the seriousness of the underlying offense," such that, "[s]o long as the district court considers the parties' arguments and has a reasoned basis for exercising its own legal decision-making authority, it is not an abuse of discretion to deny compassionate release based on the seriousness of the offense") (internal quotation marks omitted). The offense for which Stargell is currently incarcerated involved large quantities of fentanyl, heroin, and tramadol. (Doc. No. 51 at PageID 147, 149, 155.) Heroin and fentanyl are both dangerous, and potentially lethal, controlled substances. 18 U.S.C. §§ 3553(a)(1), (a)(2)(A), (a)(2)(C); *see also United States v. Morales-Medina*, No. 3:16-cr-00039, 2021 U.S. Dist. LEXIS 90270, at *16, 2021 WL 1909708 (S.D. Ohio May 12, 2021) ("Both heroin and fentanyl are dangerous, and potentially lethal, controlled substances"); *United States v. McBeath*, No. 3:15-cr-00169-1, 2021 U.S. Dist. LEXIS 66214, at *14, 2021 WL 1267529 (S.D. Ohio Apr. 6, 2021) (heroin and fentanyl "are dangerous, potentially lethal, controlled substances"); *United States v. Harris*, 774 F. App'x 937, 941 (6th Cir. 2019) (quoting the United States Sentencing Commission in U.S.S.G. App. C, amendment 807 (2018) concerning U.S.S.G. § 2D1.1 as stating that, "[b]ecause of fentanyl's extreme potency, the risk of overdose is great, particularly when the user is inexperienced or unaware of what substance he or she is using"); *United States v. Taylor*, 449 F. Supp. 3d 668, 673 (E.D. Ky. 2020) (fentanyl is "an exceptionally dangerous drug"). This weighs strongly against a sentence reduction. *See United States v. Brown*, 828 F. App'x 256, 257 (6th Cir. 2020) (finding heroin dealers to be "dangerous contributors to the opioid epidemic"); *United States v. Marshall*, No. 18-cr-20491,

6

2020 WL 5369038, at *3, 2020 U.S. Dist. LEXIS 162919 (E.D. Mich. Sept. 8, 2020) (noting that fentanyl is an extremely potent and dangerous drug and, thus, the nature of fentanyl-related offenses "weighs significantly against release").

Additionally, Stargell's criminal history shows that the offense in this case was his fifth drug-related conviction and his third conviction associated with trafficking heroin. (PSR ¶¶ 71, 75, 77, 78.) This greatly concerns the Court. *See* 18 U.S.C. §3553(a)(1), (a)(2)(A), (a)(2)(B), (a)(2)(C), (a)(6). The Court finds that the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence to criminal conduct, and protect the public from further crimes of the defendant do not favor early release. *See* 18 U.S.C. § 3553(a)(2)(A)-(C).

### III. **CONCLUSION**

Stargell has not established an extraordinary and compelling reason warranting early release and the circumstances here do not warrant a reduction in Stargell's term of imprisonment pursuant to Section 3582(c)(1)(A). For the reasons stated above, the Court **DENIES** the Motion for Sentence Reduction under 18 U.S.C. § 3582(c)(1)(A) (Doc. No. 253).

**DONE** and **ORDERED** in Dayton, Ohio, this Thursday, June 27, 2024.

s/Thomas M. Rose

THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE